1  Chris K. Ridder (SBN 218691)
2  chris@rcjlawgroup.com
   Benjamin A. Costa (SBN 245953)
3  ben@rcjlawgroup.com
4  RIDDER, COSTA &
   JOHNSTONE LLP
5  440 N. Barranca Ave. #7550
6  Covina, CA 91723
   Tel: (650) 426-6267
7  Fax: (650) 466-6182

8
   Attorneys for Defendant,
9  MOZILLA FOUNDATION

10

11              UNITED STATES DISTRICT COURT

12           FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                      SOUTHERN DIVISION

14  BRIAN G. HOLTKAMP,            Case No. 8:24-cv-01285-JWH-
                                  ADSx
15       Plaintiff,

16       v.                       **DEFENDANT MOZILLA
                                  FOUNDATION'S MOTION TO
17  MOZILLA FOUNDATION,           DISMISS; MEMORANDUM OF
                                  POINTS AND AUTHORITIES IN
18       Defendant.               SUPPORT THEREOF**

19                                Complaint filed: June 13, 2024
20                                Judge: Hon. John W. Holcomb
                                  Magistrate Judge: Hon. Autumn D.
21                                Spaeth
22
                                  Hearing date: August 23, 2024
23                                Hearing Time: 9:00 a.m.
24                                Courtroom: 9D

25

26

27

28

DEFENDANT MOZILLA FOUNDATION'S MOTION TO DISMISS THE COMPLAINT

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, on August 23, 2024 at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable John W. Holcomb, presiding in Courtroom 9D of the United States District Court for the Central District of California, located at 411 W. 4th Street, Santa Ana, California 92701, defendant Mozilla Foundation will and hereby does respectfully move this Honorable Court for an order dismissing Brian G. Holtkamp's Complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel, which took place on July 16, 2024.

**Defendant respectfully requests that the Court decide this motion without oral argument pursuant to Local Rule 7-15, as the Court has already dismissed Plaintiff's prior Complaint alleging the same conduct, with prejudice and without leave to amend, and oral argument is not necessary.**

This Motion will be and hereby is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, all other papers submitted and filed with this Notice, the pleadings and papers on file in this action, all matters judicially noticeable, and on such further documentary evidence and oral argument as the Court may allow at the hearing.

Dated: July 23, 2024                                  Respectfully submitted,

RIDDER, COSTA & JOHNSTONE, LLP

By: /s/ Chris K. Ridder
Chris K. Ridder (SBN 218691)
Benjamin A. Costa (SBN 245953)

Attorneys for defendant Mozilla Foundation.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is the third frivolous complaint that Plaintiff has filed against Mozilla Foundation since April, 2024. Plaintiff's first complaint was dismissed by this Court; Plaintiff's second complaint was dismissed by this Court with prejudice and without leave to amend. The instant Complaint, Plaintiff's third, makes essentially the same allegations as the first two complaints and should be dismissed with prejudice, without a hearing, because: (i) it is duplicative a complaint that this Court dismissed with prejudice and is therefore barred by *res judicata*; (ii) the allegations are clearly baseless, fanciful, and frivolous; and (iii) The Complaint does not state a claim for which relief can be granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiff's First Frivolous Complaint Against Mozilla Foundation

On April 17, 2024, Plaintiff filed his first frivolous complaint against Mozilla Foundation. It alleged, inter alia, that Mozilla Foundation "will not let me look for work or apply for work;" that "[t]hese people corrupt and shut off my personal devices . . .;" that ". . . they have been crashing my pc and devices not allowing me access to the Internet;" and that despite being indigent and unhoused, Plaintiff has "285 personal devices, 50 laptops, 50 tablets, 50 chromebooks." Complaint at 3-4, Holtkamp v. Mozilla Found., No. 24-cv-00850-CJC-ADS (C.D. Cal., April 17, 2024), ECF No. 1, Ridder Decl. Ex. A. The Complaint failed to list any federal statutes, treaties, or provisions of the U.S. Constitution that were at issue in the case.

The Court dismissed the Complaint on Plaintiff's request to proceed *in forma pauperis* on May 1, 2024, because (i) the action was frivolous or malicious, and (ii) failed to state a claim upon which relief may be granted. See Order at 2, Holtkamp v. Mozilla Found., No. 24-cv-00850-CJC-ADS (C.D. Cal., May 1, 2024), ECF No. 7, Ridder Decl. Ex. B. The Order states that ". . . it is absolutely

clear that the deficiencies in the complaint cannot be cured by amendment . . .," but the "without prejudice" box was checked. The Court concluded that "Plaintiff's allegations are fanciful and frivolous," and failed to state a claim upon which relief can be granted. Id. The Court also noted that "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendant the inconvenience and expense of answering such complaints." Id. (*citing Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (internal citations omitted).

B.  **Plaintiff's Second Frivolous Complaint Against Mozilla Foundation**

On May 15, 2024, Plaintiff filed a second frivolous complaint *in forma pauperis* against Mozilla Foundation purporting to allege patent infringement as a cause of action. See Complaint, Holtkamp v. Mozilla Found., No. 24-cv-01058-JWH-ADS (C.D. Cal., May 15, 2024), ECF No. 1, Ridder Decl. Ex. C. Plaintiff stated his claim as "Direct Contributory Infringement . . . The software contributed directly infringed on the software utility patent." No patent was identified, no plausible basis of infringement was alleged, and the conduct alleged in the second complaint was essentially the same as the conduct alleged in the first complaint. For example, Plaintiff alleged "The Foundation has taken away all access to the internet . . .," "the foundation shuts down and crashes all personal devices and PCs," that Defendant is interfering with his ability to find work, and that Defendant is "not allowing me to live my life or go about my dayly routine because they are to busy controlling it." Id. at 2-3.

On May 17, 2024, the Court dismissed Plaintiff's second complaint, this time unambiguously with prejudice and without leave to amend. The Court dismissed Plaintiff's second complaint on three grounds: (i) the second complaint was frivolous because it was duplicative of the first complaint; (ii) the complaint was factually frivolous, because Plaintiff's allegations of a years-long scheme to block his devices were "clearly baseless" or "fanciful" (*quoting Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) and (iii) the complaint failed to state a claim

on which relief may be granted. Order at 2, Holtkamp v. Mozilla Found., No. 24-cv-01058-JWH-ADS (C.D. Cal., May 15, 2024), ECF No. 8, Ridder Decl. Ex. D. Although plaintiff labeled the case as a "patent infringement" action, the Court found that "[t]he allegations of conduct on which the claim is based are frivolous and do not suggest patent infringement or any other legal theory that would be cognizable in federal court." Id. Given the deficiencies in the complaint, the Court found that leave to amend was not warranted, and dismissed the second complaint with prejudice.

### C. Plaintiff's Third Frivolous Complaint Against Mozilla Foundation

The instant Complaint is Plaintiff's third complaint against Mozilla Foundation for the same alleged conduct. Plaintiff filed it on June 13, 2024, less than a month after the Court dismissed his second complaint with prejudice and without leave to amend. The third Complaint recites the same alleged conduct as the first two complaints, and is similarly frivolous. In particular, Plaintiff again alleges, baselessly, that Mozilla has deprived him of an internet connection, destroyed over 300 of his devices, has not allowed him to look for work, and is "deciding what I can and can not do." Complaint at 2, ECF No. 1. Plaintiff has attempted to add texture to his third Complaint, for example by alleging that "Mozilla and the Internet Resource Manager have made this case personal. Any and all access to the internet have been taken away from me." Complaint at 3. However, this additional fanciful detail merely restates the initial, twice-dismissed allegation that Mozilla is somehow responsible for interfering with Plaintiff's internet connection, without providing any factual basis. Plaintiff again complains that " . . . they make the simplest tasks in your dayly routine almost impossible to complete . . .," Complaint at 4, but then adds ". . . creating bogus copyright issues and selling my personal and private info to entities they partner with." Id. These further unsupported statements merely add additional, baseless, texture, without changing the essence of the frivolous claim that Mozilla is interfering with

1  Plaintiff's daily routine. Similar to the prior complaint, Plaintiff asserts that
2  Mozilla ". . . enjoy[s] taking a person's life away from them only to control it
3  against there will." Id. Plaintiff's Complaint is frivolous. His claims have twice
4  been dismissed by this Court *sua sponte*, including with prejudice and without
5  leave to amend. Plaintiff requests a variety injunctive relief, including that his
6  access to the internet be restored, that Mozilla Foundation "stop all control
7  activity," and the like, in addition to monetary relief.

**III.   THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE**

**A.   The Complaint Is Precluded By The Doctrine of Res Judicata**

The Court dismissed Plaintiff's second complaint against Mozilla Foundation with prejudice and without leave to amend, on the grounds that: (i) the complaint was frivolous, in that it duplicated a prior dismissed complaint; (ii) the complaint was factually frivolous, citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); and (iii) the complaint failed to state a claim on which relief may be granted. Despite that dismissal with prejudice, Plaintiff has now filed a third complaint against Mozilla Foundation, containing the same baseless, fanciful, and delusional allegations. Res judicata, or claim preclusion, applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

There is an identity of claims. The central criterion in determining whether there is an identity of claims is "whether the two suits arise out of the same transactional nucleus of facts." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000). Other factors considered include: whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action, whether substantially the same evidence is presented in the two actions, and whether the two suits involve infringement of the same rights. *See Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). Each

of the three complaints recites essentially the same allegations and therefore arise from the same transactional nucleus of facts. They allege that Mozilla is responsible for damaging Plaintiff's devices, denying him access to the internet, interfering with his ability to find employment, and controlling his daily routine. Mozilla Foundation's freedom from liability established in the previous dismissal would be impaired by allowing Plaintiff to proceed in this action; Plaintiff offers the same evidence (unsupported, baseless, fanciful, and delusional allegations, devoid of factual support); and Plaintiff seeks to vindicate the same essential rights in this action as in his previous two actions. While Plaintiff may attempt to argue that the current complaint includes additional details or slightly different allegations, these differences are immaterial: the core allegations and the transactional nucleus of facts remain unchanged. Moreover, res judicata "bars litigation in a subsequent action of any claims that were raised *or could have been raised* in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added).

There has been a final judgment on the merits. Federal Rule of Civil Procedure 41(b) provides that "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." A dismissal with prejudice is an adjudication on the merits. *See Stewart v. United States Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice'"); *Classic Auto Refinishing, Inc. v. Marino (In re Marino)*, 181 F.3d 1142, 1144 (9th Cir. 1999). ("There can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case.")

There is identity of parties: The plaintiff, Brian G. Holtkamp, and defendant, Mozilla Foundation, are the same in this case as in the two previous dismissed

cases. Accordingly, the Complaint should be dismissed with prejudice and without leave to amend.

### B. The Complaint Should be Dismissed Pursuant to Fed. R. Civ.P. 12(b)(1) And The Court's Inherent Authority, Because It Is Frivolous

Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89, (1998) (citations and internal quotations omitted); *see also Hagans v. Lavine*, 415 U.S. 528, 537 (1974). (federal courts lack jurisdiction to consider claims that are "essentially fictitious," "obviously frivolous," or "obviously without merit."); *Cain v. Obama*, 2014 WL 3866062 (C.D. Cal. Case No. CV-14-5735, Aug. 6, 2014) (citing numerous paid complaints dismissed for delusional and fanciful claims).

For example, in *Bivolarevic v. United States CIA*, 2010 WL 890147 (N.D. Cal. Case No. C 09-4620 SBA, March 5, 2010), Plaintiff, on a paid complaint, alleged that the CIA subjected her to "voice to skull technology," which it used as a "mind control weapon." That court found that "These are precisely the type of frivolous claims that are subject to dismissal for lack of jurisdiction." *Id*. (citing cases).

Federal courts have the inherent authority to dismiss frivolous claims, even if the plaintiff has paid the filing fee. *See Mallard v. United States Dist. Court for Southern Dist.*, 490 U.S. 296, 307-308 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (". . . district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee. . .").

While *Neitzke v. Williams* 490 U.S. 319 (1989) and *Denton v. Hernandez*, 504 U.S. 25 (1992) primarily address the dismissal of *in forma pauperis* complaints, the principles they establish regarding frivolousness are instructive. *See Denton, 504 U.S. at 32-33*. ("As we stated in *Neitzke*, a court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' 490 U.S. at 327, a category encompassing allegations that are 'fanciful,' *id*., at 325, 'fantastic,' *id*., at 328, and 'delusional,' *ibid*. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . .").

Plaintiff's allegations that Mozilla destroyed 300+ of his devices, denied him access to the internet, interfered with his ability to find employment, controlled his daily routine, and the like are "clearly baseless" and "fanciful", as this Court has already found. Order at 2, Holtkamp v. Mozilla Found., No. 24-cv-01058-JWH-ADS (C.D. Cal., May 15, 2024), ECF No. 8. Pursuant to the Court's inherent authority, and because the Court lacks subject matter jurisdiction to consider frivolous claims, the Complaint should be dismissed with prejudice.

C.  **The Complaint Should Be Dismissed Pursuant To Fed.R.Civ.P. 12(b)(6): It Does Not State A Claim For Which Relief Can Be Granted**

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires a plaintiff to allege facts that add up to "more than a sheer possibility that a [d]efendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a court must generally accept factual allegations as true, it should not draw unreasonable inferences, credit conclusory legal allegations cast in the form of factual allegations, or credit allegations inconsistent with matters subject to judicial notice. *See Twombly*, 550 U.S. at 553-56, 558. "Factual allegations must be enough to raise a right to relief

above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004)). A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

Plaintiff has not alleged facts sufficient to state a plausible claim to relief. First, his allegations do not suggest any legal theory that would be cognizable in federal court. The complaint fails to identify any federal statutes, treaties, or provisions of the U.S. Constitution that are at issue. Instead, the allegations are vague and conclusory, lacking the necessary specificity to implicate federal law.

Second, as the Court already found in dismissing Plaintiff's second complaint, the allegations that Mozilla Foundation has engaged in a years-long scheme to control and block his devices are clearly baseless, fanciful, and frivolous. Order at 2, Holtkamp v. Mozilla Found., No. 24-cv-01058-JWH-ADS (C.D. Cal., May 15, 2024), ECF No. 8, Ridder Decl. Ex. D. Moreover, Plaintiff's allegations are inherently implausible. The notion that the Mozilla Foundation, a nonprofit whose mission is ensure that the internet remains a force for good, would engage in such a targeted and malicious campaign against a single individual defies logic and common sense. Further, the allegations lack any specific details that would make them credible, such as dates, times, or specific actions taken by Mozilla Foundation. Without such factual support, the claims are purely speculative and do not meet the standard required to survive a motion to dismiss. Accordingly, the Complaint should be dismissed with prejudice.

### D. Leave To Amend Is Not Warranted

In deciding whether to grant leave to amend, courts consider four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. *See Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Plaintiff has filed this action in bad faith, as it is baseless, fanciful, and frivolous. Permitting Plaintiff to amend to file a fourth complaint against Mozilla Foundation would be prejudicial

to Mozilla Foundation, which has already been required to expend resources in responding to the instant frivolous Complaint. And, any amendment would be futile, in that Plaintiff's allegations are baseless, frivolous, delusional, and do not state a cause of action. The Court should not grant Plaintiff leave to amend.

## IV. INJUNCTIVE RELIEF IS NOT WARRANTED

Plaintiff requests a preliminary injunction. the Court should not grant it. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff is not likely to succeed on the merits, as his case is frivolous. Plaintiff is unlikely to suffer irreparable harm, as he has alleged no plausible facts to allege that Mozilla Foundation is causing him any harm. The balance of equities tips in favor of Mozilla Foundation, as it would suffer undue hardship if an injunction were granted based on implausible claims. Granting an injunction based on speculative and implausible claims is not in the public interest: it would set a precedent for granting relief without sufficient factual basis.

## V. THE COURT SHOULD DISMISS THE COMPLAINT WITHOUT A HEARING

Defendant Mozilla Foundation respectfully requests that the Court decide this motion without oral argument pursuant to Local Rule 7-15. The Court has already dismissed as frivolous Plaintiff's prior two complaints against Mozilla Foundation alleging the same conduct, including with prejudice and without leave to amend. The Complaint does not allege a cognizable cause of action, nor are its allegations plausible. In issuing its order dismissing Plaintiff's first complaint, the Court noted that "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendant the inconvenience and expense of answering such complaints." See Order at 2, Holtkamp v. Mozilla

Found., No. 24-cv-00850-CJC-ADS (C.D. Cal., May 1, 2024), ECF No. 7. Although Defendant has now responded to the Complaint, a hearing would impose further unnecessary expense on Defendant, and would unnecessarily consume valuable judicial resources.

## VI. CONCLUSION

For the foregoing reasons, the Court should: (i) dispose of the case without a hearing; and (ii) dismiss the Complaint with prejudice and without leave to amend.

Dated: July 23, 2024

Respectfully submitted,

RIDDER, COSTA & JOHNSTONE, LLP

By: /s/ Chris K. Ridder
Chris K. Ridder (SBN 218691)
Benjamin A. Costa (SBN 245953)

Attorneys for defendant
Mozilla Foundation.