Chris K. Ridder (SBN 218691)
chris@rcjlawgroup.com
Benjamin A. Costa (SBN 245953)
ben@rcjlawgroup.com
RIDDER, COSTA &
JOHNSTONE LLP
440 N. Barranca Ave. #7550
Covina, CA 91723
Tel: (650) 426-6267
Fax: (650) 466-6182

Attorneys for Defendant,
MOZILLA FOUNDATION

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BRIAN G. HOLTKAMP,<br><br>        Plaintiff,<br><br>    v.<br><br>MOZILLA FOUNDATION,<br><br>        Defendant. | Case No. 8:24-cv-01285-JWH-ADSx<br><br>**DECLARATION OF CHRIS K. RIDDER IN SUPPORT OF DEFENDANT MOZILLA FOUNDATION'S MOTION TO DISMISS THE COMPLAINT**<br><br>Complaint filed: June 13, 2024<br>Judge: Hon. John W. Holcomb<br>Magistrate Judge: Hon. Autumn D. Spaeth<br><br>Hearing date: August 23, 2024<br>Hearing Time: 9:00 a.m.<br>Courtroom: 9D |

# DECLARATION OF CHRIS K. RIDDER

I, Chris K. Ridder, declare as follows:

1. I am over the age of eighteen and am competent to testify to the facts stated in this declaration. I am an attorney and partner with the law firm of Ridder, Costa & Johnstone LLP, counsel of record for defendant Mozilla Foundation. I am admitted to the Bar of the State of California and licensed to practice before this Court. Except where otherwise stated or obvious from context, I have personal knowledge of the matters stated herein, and if sworn as a witness would testify competently thereto.

2. Attached hereto as Exhibit A is a true and correct copy of the first complaint that Brian G. Holtkamp filed against Mozilla Foundation on April 17, 2024 (Case No. 8:24-cv-00850-CJC-ADS).

3. Attached hereto as Exhibit B is a true and correct copy of the Order On Request to Proceed *In Forma Pauperis* (Non-Prisoner Case), entered May 1, 2024, dismissing the first complaint that Brian G. Holtkamp filed against Mozilla Foundation.

4. Attached hereto as Exhibit C is a true and correct copy of the second complaint that Brian G. Holtkamp filed against Mozilla Foundation on May 15, 2024 (Case No. 8:24-cv-01058-JWH-ADS).

5. Attached hereto as Exhibit D is a true and correct copy of the Order On Request to Proceed In Forma Pauperis (Non-Prisoner Case), entered May 17, 2024, dismissing the second complaint that Brian G. Holtkamp filed against Mozilla Foundation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 23rd day of July, 2024.

By: /s/ Chris K. Ridder
Chris K. Ridder (SBN 218691)

- 1 -
DECLARATION OF CHRIS K. RIDDER ISO MOTION TO DISMISS THE COMPLAINT

EXHIBIT A

FILED

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

2024 APR 17 PM 3: 38

for the

District of California

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
SANTA ANA

BY _____

Central

Southern ~~Western~~ Division

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Brian G Holtkamp

_____
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Mozilla Foundation

_____
Defendant(s)
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

Case No. 8:24-CV-00850-CJC-ADS

*(to be filled in by the Clerk's Office)*

## COMPLAINT AND REQUEST FOR INJUNCTION

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Brian G Holtkamp |
| Street Address | 2624 Freeman Lane |
| City and County | Santa Ana    Orange |
| State and Zip Code | California   92706 |
| Telephone Number | 714 543-2191 |
| E-mail Address | No E-mail / No access |

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

**Defendant No. 1**

    Name        Mozilla Foundation

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

**Defendant No. 2**

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

**Defendant No. 3**

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

**Defendant No. 4**

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☒ Federal question               ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

   a.     If the plaintiff is an individual
   The plaintiff, *(name)* _____ , is a citizen of the
   State of *(name)* _____ .

   b.     If the plaintiff is a corporation
   The plaintiff, *(name)* _____ , is incorporated
   under the laws of the State of *(name)* _____ ,
   and has its principal place of business in the State of *(name)*
   _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

   a.     If the defendant is an individual
   The defendant, *(name)* _____ , is a citizen of
   the State of *(name)* _____ . Or is a citizen of
   *(foreign nation)* _____ .

b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under

the laws of the State of *(name)* _____, and has its

principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

4 years no Internet
will not Let me Look for work or apply for work
285 personal devices
50 laptops
50 tablets
50 chromebooks

**III.    Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

here in Orange County
ongoing everyday

B.    What date and approximate time did the events giving rise to your claim(s) occur?

I have had many Jobs Lined up since covid-19 paying 85,000 A year for appartment maintenance positions. These people corrupt and shut off my personal devices not allowing me to open human resource files for work

C.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

downloaded there browser (Firefox)
Since day 1, they have been crashing my
pc and devices not allowing me access
to the Internet

## IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

these people use A/R Augmented Reality
It actualy makes a connection with your
retna, No two are the same. No matter where
Im at they ID me from any device anywhere

## V.    Relief

In less than 5 seconds and shut off and crash my devices

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Apply the Mozilla Public License to
the people who have forced it on me
for no apparant reason. share the same
harsh unfair unacceptable conditions to them

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## VI.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     _4 - 17 - 2024_

Signature of Plaintiff     _Brian G Holtkamp_

Printed Name of Plaintiff     _Brian G Holtkamp_

### B.     For Attorneys

Date of signing:     _____

Signature of Attorney     _____

Printed Name of Attorney     _____

Bar Number     _____

Name of Law Firm     _____

Street Address     _____

State and Zip Code     _____

Telephone Number     _____

E-mail Address     _____

# EXHIBIT B

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| BRIAN G. HOLTKAMP | SACV 24-00850-CJC (ADSx) |
| **PLAINTIFF(S)** | |
| v. | |
| MOZILLA FOUNDATION | **ORDER ON REQUEST TO PROCEED** |
| | ***IN FORMA PAUPERIS*** |
| **DEFENDANT(S)** | **(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.  ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

    ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.

    ☒ The action is frivolous or malicious.

    ☒ The action fails to state a claim upon which relief may be granted.

    ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| May 1, 2024 | |
| **Date** | **United States District Judge** |

When screening a complaint under 28 U.S.C. § 1915, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).

In this case, Plaintiff appears to assert that "Mozilla Foundation" has, for the past four years, not allowed him to use the Internet because the Firefox browser "corrupt[s] and shut[s] off [his] personal devices." (Dkt. 1.) He claims that, despite being indigent and unhoused, he has "285 personal devices, 50 laptops, 50 tablets, 50 chromebooks." (Id. at 4.) According to Plaintiff, this has made it impossible for him to find a job. (Id.)

Plaintiff's allegations are fanciful and frivolous. Plaintiff asserts that Defendant uses "Augmented Reality," which "actively makes a connection with [his] retina. No two are the same. No matter where [Plaintiff is] they ID [him] from any device anywhere. In less than 5 seconds [they] shut off and crash [his] devices." (Id. at 5.) The relief he seeks from the Court is to "share the same harsh unfair unacceptable condition to them." (Id.) Because Plaintiff's claim is frivolous and fails to state a claim on which relief may be granted, his case must be DISMISSED. See 28 U.S.C. § 1915(e)(2); Anderson v. Sy, 486 F. App'x 644 (9th Cir. 2012) ("The district court properly dismissed Anderson's action as frivolous because the complaint contains indecipherable facts and unsupported legal assertions."). "Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (internal citation omitted).

*(attach additional pages if necessary)*

EXHIBIT C

1  Name: Brian G Holtkamp

2  Address: 2624 Freeman Lane

3

4  Phone: 714 543-2191

5  Fax: _____

6  In Pro Per

7        Plaintiff

8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10  Brian G Holtkamp

11                                CASE NUMBER:
                                  8:24-CV-01058-JWH(ADS)

12                    Plaintiff    To be supplied by the Clerk of
                                  The United States District Court

13        v.

14  Mozilla Foundation/mozilla.org      Complaint -
    149 New Montgomery street      Patent Infringement
15  4th Floor
    San Francisco, Ca 94105 Defendant(s).

16

17

18  Direct Contributory Infringement

19

20  The software contributors directly

21  infringed on the software utility patent. Filing

22  contributor infringement will terminate the

23  Mozilla Public License 2.0. Additionally it will

24  terminate all versions and extensions including

25  the GNU License, + all ~~portal~~ manually

26  applied versions HtmL. Nothing will survive

27  the termination not even distributors or resellers.

28  There will be no cross-claims or counter claims

    and no declaratory actions.

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 15 2024

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

-IFP Submitted

# Statement of Claim

Requesting this case be transfered to the Northern District making the Venue correct.

The Foundation works hard to insure the internet remains a free and public resource available for everyone to access

The Foundation has taken away all access to the internet, including the public Library

The Foundation shuts down and crashes all personal devices and PC$^s$

System Event Logs says
          Slow Controlled shut down

Open Source License Applied to me for a perticular purpose, which means they can apply it to anybody. Means modifying Source code and 3 years is the maximum amount of time

2

After 3 years the foundation merged my source code with my fathers source code, so they could continue controlling me and crashing my devices and taking away all internet access.

No internet means I can't look for work or apply for work.

The Foundation has a re-direct for applying

Delete employment application-and all cashe

The Foundation has taken 4 years of my Life that I can't get back not allowing me to live my life or go about my dayly routine, because they are to busy controlling it.

Multiple jobs offered to me since the begining of Covid-19, they block HR department links, corupt my devices then shut them down. This is all a game to them, these people should not be allowed to have this much control over a person and there day to day life

3

Page Number

CV-127 (09/09)        PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

# Relief

Requesting access to the Internet

Requesting to have and own personal devices and PC's for all forms of communication without them being shut down, turned off or destroyed

Request to remove the Mozilla Public License 2.0 and any other versions that supersede the original version

Request to remove the manually applyed GNU License and all other Licenses that don't apply or have any meaning to me

Request to have my information plus any other alias names they have created removed from the Web

Nothing to survive the License termination, not even distributors or resellers

# Relief

Requesting a money demand of

30,000 dollars

for the unacceptable number of miscellaneous personal devices and PC's they have destroyed and is on going they continue to do so. There is no reason for this kind of behavior and abuse to personal property

Request a money demand of 300,000 dollars

for the last 4 years having no internet and can not accept the countless number of employment positions that have been offered to me for 85,000 plus annual income amount.

The Foundation has taken away my Life for the last 4 years, they have no right to decide wether I can or can't work.

CV-127 (09/09)          PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

Certification and Closing

Date        5-15-2024

Signature of Plaintiff        Brian G Holtkamp

Printed name of Plaintiff        Brian G Holtkamp

CV-127 (09/09)        PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

# EXHIBIT D

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Brian G. Holtkamp,

**PLAINTIFF(S)**

v.

Mozilla Foundation, et al.,

**DEFENDANT(S)**

| CASE NUMBER |
| --- |
| 8:24-cv-01058-JWH-ADS |

**ORDER ON REQUEST TO PROCEED**
*IN FORMA PAUPERIS*
**(NON-PRISONER CASE)**

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.  ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

    ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.

    ☒ The action is frivolous or malicious.

    ☒ The action fails to state a claim upon which relief may be granted.

    ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

May 17, 2024
_____
Date

John W. Holcomb
_____
United States District Judge

On May 15, 2024, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis.  (ECF Nos. 1, 3.)  Plaintiff labels the case as an action for "Patent Infringement."  (ECF No. 1 at 1.)  Defendant allegedly "has taken away all access to the internet, including the public library" and "shuts down and crashes all personal devices and PC."  (Id. at 2.)  Defendant also allegedly "merged [Plaintiff's] source code with [his] father['s] source code, so [Defendant] could continue controlling [Plaintiff] and crashing [his] devices and taking away all internet access."  (Id. at 3.)  As a result, Plaintiff allegedly cannot look for work, and four years of his life have been taken.  (Id.)  Defendant allegedly "block[ed] HR department links, corrupt[ed] [Plaintiff's] devices, then shut them down.  This is all a game to them."  (Id.)  Plaintiff seeks access to the internet and damages.  (Id. at 4-5.)

Because Plaintiff seeks to proceed in forma pauperis, the Court has reviewed the Complaint to determine whether the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  As explained below, the Complaint is dismissed without leave to amend.

First, the Complaint is frivolous because it is duplicative of a Complaint that previously was dismissed as frivolous.  See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (complaint is frivolous if it repeats previously litigated claims).  The Court dismissed a highly similar Complaint in Case No. 8:24-cv-00850-CJC-ADS.

Second, the Complaint is factually frivolous.  When read together, Plaintiff's allegations of a years-long scheme to control and block his devices, as part of "a game," are "clearly baseless" or "fanciful."  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  In that circumstance, the Court may "pierce the veil of the complaint's factual allegations" and "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."  Id. at 32; see also Bator v. State of Hawai'i, 39 F.3d 1021, 1026 (9th Cir 1994) ("Denton is an exception to the general rule that a district court must accept factual allegations as true.").  Here, "a finding of factual frivolousness is appropriate [because] the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  Denton, 504 U.S. at 33.

Third, the Complaint fails to state a claim on which relief may be granted.  Although Plaintiff labels this case as a "patent infringement" action, the Court is not bound by that characterization.   "[W]e look beyond [the complaint's] characterization to the conduct on which the claim is based."  Blaxland v. Commonwealth Director of Public Prosecutions, 323 F.3d 1198, 1203-04 (9th Cir. 2003) (citation omitted).  The allegations of conduct on which the claim is based are frivolous and do not suggest patent infringement or any other legal theory that would be cognizable in federal court.

Finally, given these deficiencies, leave to amend is not warranted.  See Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (amendment was futile where there was no cause of action); Huffman v. Smith, 172 F.2d 129, 130 (9th Cir. 1949) (explaining that the in forma pauperis statute permits a federal court to refuse commencement of an action "if it appear that the applicant has no cause of action").  Thus, the Complaint is dismissed without leave to amend, and the action is dismissed with prejudice.

*(attach additional pages if necessary)*