Chris K. Ridder (SBN 218691)
chris@rcjlawgroup.com
Benjamin A. Costa (SBN 245953)
ben@rcjlawgroup.com
RIDDER, COSTA &
JOHNSTONE LLP
440 N. Barranca Ave. #7550
Covina, CA 91723
Tel: (650) 426-6267
Fax: (650) 466-6182

Attorneys for Defendant,
MOZILLA FOUNDATION

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BRIAN G. HOLTKAMP,<br><br>    Plaintiff,<br><br>    v.<br><br>MOZILLA FOUNDATION,<br><br>    Defendant. | Case No. 8:24-cv-01285-JWH-ADSx<br><br>**DEFENDANT MOZILLA FOUNDATION'S *EX PARTE* APPLICATION FOR ORDER CONTINUING RULE 16(b) SCHEDULING CONFERENCE**<br><br>Complaint filed: June 13, 2024<br>Judge: Hon. John W. Holcomb<br>Magistrate Judge: Hon. Autumn D. Spaeth<br><br>Hearing date: TBD<br>Hearing Time: TBD<br>Courtroom: 9D |

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Defendant Mozilla Foundation hereby applies to the Court *ex parte* for an Order postponing the Fed. R. Civ. P. 16(b) Scheduling Conference, and the Fed. R. Civ. P. 26(f) conference and report, until after Defendant's Motion to Dismiss has been decided.

The basis for the *ex parte* application is that it would be unduly prejudicial to subject Mozilla Foundation to unnecessary discovery procedures before the Motion to Dismiss is decided, as Plaintiff's Complaint is patently frivolous.

The name, address, and telephone number of the opposing party is:

> Brian G. Holtkamp (*pro se*)
> 2624 Freeman Lane
> Santa Ana, CA 92706
> (714) 543-2191

Pursuant to Local Rule 7-19.1, Defendant made reasonable, good faith efforts orally to advice Plaintiff of the date and substance of this ex parte application, including leaving multiple voicemail messages, in addition to emails. Ridder Decl., ¶¶ 3-5. Plaintiff has not responded. Pursuant to L.R. 7-19.2, the interest of justice requires that this *ex parte* application be heard without notice, as postponing these dates will not prejudice Plaintiff, but requiring Mozilla Foundation to participate in discovery and scheduling conferences before its Motion to Dismiss Plaintiff's Complaint is decided will unfairly prejudice Mozilla Foundation, given that the Complaint is patently frivolous.

Dated: July 29, 2024                                  Respectfully submitted,

RIDDER, COSTA & JOHNSTONE, LLP

By: /s/ Chris K. Ridder
Chris K. Ridder (SBN 218691)
Benjamin A. Costa (SBN 245953)
Attorneys for defendant Mozilla Foundation

- 1 -
DEFENDANT MOZILLA FOUNDATION'S EX PARTE APPLICATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As discussed in Mozilla Foundation's Motion to Dismiss, ECF No. 13, this is the third frivolous complaint that Plaintiff has filed against Mozilla Foundation since April, 2024. Plaintiff's first complaint was dismissed by this Court; Plaintiff's second complaint was dismissed by this Court with prejudice and without leave to amend. Plaintiff's third Complaint makes essentially the same allegations as the first two complaints and should be dismissed with prejudice, because: (i) it is duplicative of a complaint that this Court dismissed with prejudice and is therefore barred by *res judicata*; (ii) the allegations are clearly baseless, fanciful, and frivolous, and therefore the Court lacks subject matter jurisdiction; and (iii) The Complaint does not state a claim for which relief can be granted. Given the Court's *sua sponte* dismissal of two prior complaints reciting essentially the same allegations, and the frivolousness of the Complaint in this case, the likelihood that Mozilla Foundation will prevail is very high. Accordingly, the Court should postpone the Fed. R. Civ. P. 16(b) Scheduling Conference, and the parties' Fed. R. Civ. P. 26(f) conference and report, until after the Motion to Dismiss has been decided, to relieve Mozilla of the burden of unnecessarily participating in the discovery process.

## II. *EX PARTE* RELIEF IS APPROPRIATE AND NECESSARY

*Ex parte* relief is appropriate where the moving party seeks relief that cannot be addressed by a regularly-noticed motion, and will face prejudice if its application is denied, provided that the party is without fault in creating the problem at issue. Here, Mozilla seeks to postpone the Rule 16(b) Scheduling Conference, and the Rule 26(f) conference and report. The matter cannot be addressed by a regularly-noticed motion consistent with the timing required under Local Rule 7, because a regularly noticed motion could not be heard until after the August 23, 2024 date currently set for the Rule 16(b) Scheduling Conference,

much less the August 2, 2024 date currently set for the parties' Rule 26(f) conference.

### A. Mozilla Foundation Will Face Undue Prejudice If This Application Is Denied

The Complaint is precluded by the doctrine of res judicata. See Motion to Dismiss at 5-7; Order at 2, Holtkamp v. Mozilla Found., No. 24-cv-01058-JWH-ADS (C.D. Cal., May 15, 2024), ECF No. 8 (dismissing plaintiff's second complaint with prejudice and without leave to amend). In addition, the Complaint is frivolous, because the allegations in the Complaint are baseless, fanciful, and delusional. Id. at 2 (dismissing complaint with prejudice as frivolous and as failing to allege any legal theory cognizable in federal court); Motion to Dismiss at 4-9.

While Mozilla empathizes with the Plaintiff and the distress he appears to be experiencing, the Plaintiff's challenges and concerns plainly have absolutely nothing to do with Mozilla or this Court. See, e.g., Complaint at p. 10 ("Against Medical Advice" form dated May 23, 2024, concerning Plaintiff leaving a psychiatric facility against medical advice). This is a classic case of the kind of wholly frivolous action that merely burdens a defendant and wastes the Court's time. Where a complaint is entirely fanciful and has no basis in reality, neither the parties nor the Court can possibly benefit from a Rule 26 conference or report. Accordingly, Mozilla Foundation respectfully requests that the Court exercise its discretion to minimize unnecessary burden to the Defendant.

Because the likelihood that Mozilla Foundation will prevail on its Motion To Dismiss is very high, it would be unduly prejudicial to subject Mozilla Foundation to unnecessary discovery procedures before the Motion to Dismiss is heard. In dismissing Plaintiff's first complaint *sua sponte*, the Court noted that dismissals based on frivolousness "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Holtkamp v. Mozilla Found., No. 24-cv-00850-CJC-ADS (C.D.

Cal., May 1, 2024), ECF No. 7 (*quoting Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Although Defendant has now responded to the Complaint, it would be unfair to require Defendant to expend further resources before the Motion to Dismiss is decided, in light of the frivolousness of the Complaint.

**B.     Plaintiff Will Face No Prejudice If This Application Is Granted**

Mozilla Foundation merely seeks a postponement of the Rule 26(f) conference and report, and the Rule 16(b) scheduling conference until after the Motion to Dismiss is decided. In the unlikely event the case is not dismissed following the hearing on Mozilla Foundation's Motion to Dismiss, both parties will at that time have ample opportunity to participate in discovery and scheduling. Plaintiff will therefore not be prejudiced if this Application is granted.

**C.     The Court Should Decide This *Ex Parte* Application Without Requiring Further Notice To Plaintiff**

Mozilla Foundation has already provided ample notice to Plaintiff concerning the date that it planned to file this *Ex Parte* Application, and concerning the substance of this *Ex Parte* Application, including orally by leaving multiple substantive voicemails on Plaintiff's telephone number, and via multiple substantive emails. See Ridder Decl. ¶¶ 3-5.

Contacts via these means previously resulted in a same-day response. When Mozilla Foundation intended to file its Motion to Dismiss, it emailed Plaintiff via the email address he provided in his Application for Permission for Electronic Filing, ECF No. 4, which Plaintiff signed indicating that he has regular access to, among other things, a computer with internet access, and an email account on a daily basis to receive notifications. See Id., Ridder Decl. ¶ 2. Counsel for Mozilla Foundation also left a message with a person at the phone number that Plaintiff provided in his Application for Permission for Electronic Filing. See Id. Plaintiff responded the same day to conduct the Local Rule 7-3 Conference of Counsel, and called counsel for Mozilla Foundation the following day to follow up.

DEFENDANT MOZILLA FOUNDATION'S EX PARTE APPLICATION

     In an effort to schedule the Fed. R. Civ. P. 26(f) Conference with Plaintiff, and to discuss the date and substance of the instant *Ex Parte* Application, counsel for Mozilla Foundation left voicemails with the same phone number, and sent emails to the same email address beginning on July 24, 2024, but as of July 28, 2024 had not heard back from Plaintiff. Ridder Decl. ¶¶ 3-5, Exs. B-D.

     Specifically, on July 24, counsel for Mozilla Foundation sent an email and voicemail requesting that Plaintiff contact him. Ridder Decl. ¶ 3, Ex. B. After Plaintiff did not respond, counsel contacted Plaintiff on both July 25 and 26 with more substantive voicemails and emails, reminding Plaintiff that the Court had ordered the parties to meet and confer pursuant to Fed. R. Civ. P. 26, to file a joint report with the court, and to attend a scheduling conference; and notifying Plaintiff that Mozilla Foundation planned to file an *ex parte* application on Monday, July 29, 2024 seeking to postpone those deadlines until after the Motion to Dismiss is decided, and that counsel would like to discuss that motion, as well as whether Plaintiff intends to oppose it. Ridder Decl. ¶¶ 4-5, Exs. C-D. As of the evening of July 28, 2024, Plaintiff had not responded to any of those contacts.

     In an abundance of caution, to ensure that Plaintiff continues to receive notice of this *Ex Parte* Application, Mozilla Foundation also intends to personally serve Plaintiff at the above-referenced address. Ridder Decl. ¶ 6.

     To the extent that Mozilla Foundation's substantive voicemail messages do not constitute oral notice pursuant to L.R. 7-19.1, the interest of justice requires that this Ex Parte Application be heard without further notice, because Plaintiff's Complaint is entirely baseless, fanciful, and frivolous, and Mozilla Foundation would be unduly prejudiced by discovery and scheduling procedures before its Motion to Dismiss has been decided. See, e.g., Local Rule 83-8.1 (the Court's policy is to provide persons "subjected to vexatious litigation with security against the costs of defending against such litigation and appropriate orders to control such litigation."). Conversely, Plaintiff will suffer no prejudice from postponing these

dates. Accordingly, further notice should be waived.

### D. The Court Has The Authority To Postpone The Scheduling Conference

Fed. R. Civ. P. 16(b)(2) provides that unless the Court finds good cause for delay, it must issue a scheduling order "within the earlier of 90 days after any defendant has been served with the complaint, or 60 days after any defendant was appeared." In this case, that would be September 30, 2024 (90 days after Defendant was served).

If this *Ex Parte* Application is granted, the Court will have sufficient time to enter a scheduling order before September 30, 2024, in the unlikely event that should become necessary. But even if there were not sufficient time, there is good cause for delay in this case. As discussed in this Court's prior dismissals of Plaintiff's previous similar complaints, and in Mozilla's motion to dismiss the instant Complaint, Plaintiff's case is patently frivolous. Requiring Mozilla Foundation to participate in discovery and scheduling conferences before the Motion to Dismiss is decided would impose an undue burden, as it is highly likely that Mozilla Foundation will prevail.

### E. If The Court Elects Not To Postpone The Dates Until The Motion To Dismiss Is Decided, It Should Set The Following Schedule

Although Defendant believes that it would be best to order a Rule 16(b) scheduling conference only in the unlikely event the Motion to Dismiss is not granted, if the Court is inclined to reschedule at this time, Defendant proposes that the Court continue the Parties' Fed. R. Civ. P. 26(f) Conference to August 30, 2024 (one week after the hearing on the motion to dismiss); the deadline to file the Parties' Joint Fed. R. Civ. P. 26(f) Report to September 13, 2024 (14 days after the Rule 26(f) conference, in light of Fed. R. Civ. P. 26(f)(2), Plaintiff's *pro se* status, and counsel's difficulty contacting Plaintiff); and the Rule 16(b) Scheduling Conference to September 27, 2024.

### III. CONCLUSION

For the foregoing reasons, the Court should postpone indefinitely the Parties' Fed. R. Civ. P. 26(f) Conference, the deadline to file the Parties' Joint Fed. R. Civ. P. 26(f) Report, and the Rule 16(b) Scheduling Conference until after Mozilla Foundation's Motion to Dismiss is decided.

Dated: July 29, 2024

Respectfully submitted,

RIDDER, COSTA & JOHNSTONE, LLP

By: /s/ Chris K. Ridder
Chris K. Ridder (SBN 218691)
Benjamin A. Costa (SBN 245953)

Attorneys for defendant
Mozilla Foundation.