JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

BRIAN G. HOLTKAMP,

    Plaintiff,

    v.

MOZILLA FOUNDATION,

    Defendant.

Case No. 8:24-cv-01285-JWH-ADSx

**ORDER ON DEFENDANT MOZILLA FOUNDATION'S MOTION TO DISMISS THE COMPLAINT**

Having considered Defendant Mozilla Foundation's Motion to Dismiss Plaintiff Brian G. Holtkamp's Complaint, Plaintiff Brian G. Holtkamp's opposition, and Defendant Mozilla Foundation's Reply, the Court hereby rules as follows:

### 1. No Hearing is Necessary

Pursuant to L.R.7-15, The Court finds the matter is suitable for decision without oral argument. The hearing on the Motion is **VACATED**.

### 2. The Complaint is Barred by *Res Judicata*

Plaintiff's Complaint is precluded by the doctrine of *res judicata*. The Court has twice dismissed Plaintiff's complaints with substantially the same allegations. See Order at 2, *Holtkamp v. Mozilla Found.*, No. 24-cv-00850-CJC-ADS (C.D. Cal., May 1, 2024), ECF No. 7 (dismissing first complaint as frivolous or malicious, and as failing to state a claim for which relief can be granted); Order at 2, *Holtkamp v. Mozilla Found.*, No. 24-cv-01058-JWH-ADS (C.D. Cal., May 15, 2024), ECF No. 8 (dismissing with prejudice second complaint as frivolous because it was duplicative of the first complaint, factually frivolous because the allegations were clearly baseless or fanciful, and for failure to state a claim for which relief can be granted).

*Res judicata*, or claim preclusion, applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). There is an identity of claims. As with Plaintiff's second complaint, which was dismissed by this Court with prejudice and without leave to amend, Plaintiff's instant Complaint baselessly and fancifully alleges that the Mozilla Foundation is responsible for damaging Plaintiff's devices, denying him access to the internet, interfering with his ability to find employment, and controlling his daily routine. Accordingly, the instant Complaint arises out of the same transactional nucleus of facts. The Complaint also presents substantially the same evidence and involves

alleged infringement of the same rights as in the previously-dismissed complaints, and Defendant's rights established during the prior dismissals would be impaired by allowing Plaintiff to relitigate the matter. *See Constantini v. Trans World Airlines*, 681 F.2d 1199, 1202-02 (9th Cir. 1982).

There has been a final judgment on the merits. *See* Fed. R. Civ. P. 41(b) "any dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits." A dismissal with prejudice is an adjudication on the merits. *See Stewart v. United States Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). And, there is identity of the parties: The plaintiff, Brian G. Holtkamp, and defendant, Mozilla Foundation, are the same in this case and in two previous dismissed cases. Accordingly, the Complaint is precluded under the doctrine of *res judicata* and must be dismissed with prejudice.

### 3. The Court Lack Subject Matter Jurisdiction, and It Dismisses the Complaint Under Its Inherent Authority, as the Complaint Is Frivolous

Because the Complaint is patently frivolous on its face, the Court lacks subject matter jurisdiction to entertain it. Plaintiff's allegations that Mozilla destroyed "300+" of his devices," denied him access to the internet, interfered with his ability to find employment, controlled his daily routine, and the like are "clearly baseless" and "fanciful," as this Court has already found. *Holtkamp v. Mozilla Found.*, No. 8:24-cv-01058-JWH-ADS Dkt. No. 8, at 2 (C.D. Cal., May 17, 2024).

The Court lacks subject matter jurisdiction to consider claims that are "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89, (1998); *see also Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (federal courts lack jurisdiction to consider claims that are "essentially fictitious," "obviously frivolous," or "obviously without merit.").

This Court also has the inherent authority to dismiss frivolous claims, even if the plaintiff has paid the filing fee. *See Mallard v. United States Dist. Court for Southern Dist.*, 490 U.S. 296, 307-308 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362 (2d Cir. 2000) (". . . district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee. . ."). For those reasons, the Court must dismiss the Complaint with prejudice.

### 4. The Complaint Fails to State a Claim for Which Relief Can Be Granted

The Complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and merely "tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's allegations and vague, conclusory, and do not suggest any legal theory that would be cognizable in federal court. In addition, the allegations presented are baseless, fanciful, and delusional in nature. The notion that Mozilla Foundation would engage in such a targeted and malicious campaign against a single individual defies logic and common sense. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004)). As with his prior two complaints, Plaintiff's allegations are facially implausible. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6), the Complaint must be dismissed with prejudice.

For the foregoing reasons, Defendant Mozilla Foundation's Motion to Dismiss Plaintiff Brian G. Holtkamp's Complaint is **GRANTED**. This action is **DISMISSED with prejudice** and **without leave to amend**.

**IT IS SO ORDERED.**

Dated: August 21, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE